■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN GUISHARD, Appellant. [789 NYS2d 332]—

Lahtinen, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered February 27, 2004, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to the crime of attempted assault in the first degree and waived his right to appeal. Pursuant to the terms of the negotiated plea agreement, County Court sentenced defendant to a

prison term of 6½ years, followed by a five-year period of postrelease supervision. Defendant appeals and we affirm.

Initially, we reject defendant's contention that County Court erred by accepting a guilty plea to a nonexistent crime. Although the crime of attempted assault in the first degree is a legal impossibility, a defendant may plead guilty to a nonexistent crime in satisfaction of an indictment charging a crime for which a greater penalty may be imposed (*see People v Martinez*, 81 NY2d 810, 812 [1993]; *People v Foster* 19 NY2d 150, 153 [1967]). It is undisputed that defendant was charged with a crime for which a greater penalty might have been imposed.

Having failed to move to withdraw his plea or vacate the judgment of conviction, defendant's challenge to the voluntariness of his plea is not preserved for our review (*see People v Williams*, 6 AD3d 746, 746 [2004], *lv denied* 3 NY3d 650 [2004]). Contrary to defendant's assertion, his factual recitation during the plea colloquy did not negate an essential element of the crime charged or cast significant doubt as to his guilt and, therefore, the exception to the preservation rule is not applicable (*see People v MacCue*, 8 AD3d 910, 911 [2004], *lv denied* 3 NY3d 708 [2004]). In any event, the transcript of the plea proceedings discloses that County Court conducted a thorough inquiry and accepted defendant's plea only after he acknowledged that he was entering the plea of his own free will, was satisfied with the services of his counsel, understood the rights he was relinquishing as a result of his plea and stated that he had engaged in reckless conduct when he hit the victim with his automobile and caused her to suffer serious physical injury (*see People v Smith*, 2 AD3d 1057, 1058 [2003], *lv denied* 2 NY3d 746 [2004]).

Although not waived, defendant's contention that he was denied the constitutional right to a speedy trial is equally unavailing (*see People v Blakley*, 34 NY2d 311, 314 [1974]; *People v Benjamin*, 296 AD2d 666, 667 [2002]). Applying the factors set forth in *People v Taranovich* (37 NY2d 442 [1975]), we conclude that the delay was not unreasonable given that it was primarily attributable to ongoing plea negotiations, as well as the substitution of assigned counsel. In addition, nothing in the record indicates that the defense was impaired in any way by the delay (*see People v Cintron*, 7 AD3d 827, 828 [2004]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.