■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR HERNANDEZ, Appellant. [801 NYS2d 167]—Crew III, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 8, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

In May 2000, defendant was charged in an indictment with criminal possession of a controlled substance in first degree and criminal possession of a controlled substance in the third degree. After defendant failed to appear at the arraignment, a bench warrant was issued for his arrest. More than two years later, after defendant was located in Florida and brought to New York, he pleaded guilty to the first count of the indictment, which was reduced to criminal possession of a controlled substance in the second degree, in full satisfaction of all charges. Under the terms of the plea agreement, he waived his right to appeal and was to be sentenced to four years to life in prison. Defendant was sentenced as agreed and appealed. This Court rejected a previous *Anders* brief and assigned new counsel (12 AD3d 723 [2004]).

Initially, inasmuch as defendant neither moved to withdraw the plea nor vacate the judgment of conviction, he is precluded from challenging the voluntariness of his plea and waiver of appeal (*see People v Daniels*, 16 AD3d 780, 780 [2005]; *People v Brown*, 309 AD2d 1084, 1084 [2003], *lv denied* 1 NY3d 595 [2004]). In any event, our review of the record discloses that defendant was fully advised of the ramifications of pleading guilty and indicated that he understood. Accordingly, we find that both the plea and waiver were knowingly, intelligently and voluntarily entered. Defendant's voluntary waiver of appeal encompasses his claims that the search and seizure was illegal and that his statutory speedy trial right was violated (*see People v Newsome*, 17 AD3d 785 [2005], *lv denied* 5 NY3d 766 [2005]; *People v Lopez*, 8 AD3d 819, 820 [2004], *lv denied* 3 NY3d 708 [2004]). Although the waiver does not extend to his constitutional right to a speedy trial, this claim has not been preserved inasmuch as it is raised for the first time on this appeal (*see People v Robinson*, 1 AD3d 1019, 1020 [2003], *lv denied* 2 NY3d 745 [2004]; *People v Haas*, 229 AD2d 733, 734 [1996], *lv denied* 88 NY2d 1021 [1996]).

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.