■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CAIN, Appellant. [806 NYS2d 260]—

Rose, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered March 11, 2004, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant was arrested and indicted for, among other things, criminal possession of a controlled substance in the second degree after 23 bags containing a substance that field-tested positive for cocaine were found in an apartment he had been occupying. Although no laboratory report had been filed as of the scheduled trial date, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal in exchange for a promised prison term of 7 to 14 years to run concurrently with his sentence on an unre-

---

lated charge in another county. Defendant's subsequent motion to withdraw his plea was denied, County Court sentenced defendant in accordance with the plea agreement, and this appeal ensued.

Our review of the plea colloquy discloses a knowing, voluntary and intelligent plea and waiver (*see People v Kemp,* 10 AD3d 811, 811 [2004], *lv denied* 4 NY3d 765 [2005]). Before pleading guilty, defendant acknowledged that he understood the consequences of the plea and the rights he was relinquishing. He also confirmed that he had enough time to speak with his attorney and was satisfied with the representation he had received. Defendant agreed that he was entering into the plea freely and voluntarily, he admitted committing the crime charged by affirmative responses to County Court's inquiries and he made no statements inconsistent with his guilt (*see People v Mondore,* 18 AD3d 961, 962 [2005]; *People v Kemp,* 288 AD2d 635, 636 [2001]).

Defendant's voluntary waiver of appeal encompasses his claim that his statutory speedy trial right was violated (*see People v Newsome,* 17 AD3d 785, 785 [2005], *lv denied* 5 NY3d 766 [2005]; *People v Lane,* 1 AD3d 801, 803 [2003], *lv denied* 2 NY3d 742 [2004]). Although the waiver does not extend to defendant's constitutional right to a speedy trial, such a claim has not been preserved here because the only speedy trial issue raised in defendant's motion to withdraw his plea was whether the notice of readiness for trial—filed by the People to comply with CPL 30.30—was premature in the absence of an admissible laboratory report (*see People v Robinson,* 1 AD3d 1019, 1020 [2003], *lv denied* 2 NY3d 745 [2004]; *People v Haas,* 229 AD2d 733, 734 [1996], *lv denied* 88 NY2d 1021 [1996]). Were we to consider the issue of the People's readiness, we would find no error in County Court's ruling because the People could have established the elements of the crimes charged without a laboratory report (*see People v Van Hoesen,* 12 AD3d 5, 8-9 [2004], *lv denied* 4 NY3d 804 [2005]).

Defendant's voluntary waiver also includes his contention that his trial counsel was ineffective (*see People v Lopez,* 8 AD3d 819, 820 [2004], *lv denied* 3 NY3d 708 [2004]) and, for this same reason, we decline to review his claim that the sentence was harsh and excessive (*see People v Clow,* 10 AD3d 803, 804 [2004]).

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.