■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SIMPSON, Appellant. [823 NYS2d 302]—

Mercure, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered October 22, 2004, convicting defendant upon his plea of guilty of the crimes of assault in the first degree, attempted assault in the second degree and assault in the second degree.

In August 2003, defendant was charged in an indictment with attempted murder in the second degree and assault in the first degree after allegedly stabbing the victim multiple times, puncturing his heart and spleen. Subsequently, in July 2004, he was charged with attempted assault in the second degree and, in September 2004, with two counts of assault in the second degree. These latter charges arose out of incidents that occurred while defendant was in the Greene County jail. In October 2004, defendant pleaded guilty to assault in the first degree, assault in the second degree, and attempted assault in the second degree in satisfaction of all charges. During the plea proceeding, defendant agreed to waive his right to appeal. County Court sentenced him, pursuant to the plea agreement, to an aggregate term of 10 years in prison and defendant now appeals.

We affirm. Defendant's knowing, voluntary and intelligent waiver of his right to appeal encompasses his claim that his statutory speedy trial right was violated because the People's notice of readiness for trial was premature (*see People v Cain*, 24 AD3d 889, 890 [2005], *lv denied* 7 NY3d 753 [2006]; *People v Hernandez*, 21 AD3d 1214, 1215 [2005], *lv denied* 5 NY3d 883 [2005]). To the extent that he can be said to argue in addition that he was denied his constitutional right to a speedy trial as a result of the 11-month delay in proceeding to trial, his argument survives his guilty plea and waiver of the right to appeal (*see People v Cain, supra* at 890; *People v Hernandez, supra* at 1215). Nonetheless, applying the factors set forth in *People v Taranovich* (37 NY2d 442, 445 [1975]), we conclude that his argument is meritless. Any delay in the trial was due to proceedings initiated by the defense or ongoing plea negotiations and there is no evidence that the defense was impaired by the delay (*see People v Guishard*, 15 AD3d 731, 732 [2005], *lv denied* 5 NY3d 789 [2005]; *People v Acevedo*, 176 AD2d 1007, 1008 [1991], *lv denied* 79 NY2d 824 [1991]).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.