■ The People of the State of New York, Respondent, v Peter Golgoski, Appellant. [840 NYS2d 254]—

Spain, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 7, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.

Defendant was arraigned on August 4, 2005 on two felony charges stemming from the burglary of a trailer home and subsequent recovery of the stolen items in a residence in the City of Kingston, Ulster County. Thereafter, in full satisfaction of the indictment, defendant pleaded guilty to criminal possession of stolen property in the fourth degree. In accordance with the plea agreement, defendant was sentenced as a second felony offender to 2 to 4 years in prison and ordered to pay $1,950 in

restitution and $270 in mandatory surcharges and fees. This appeal ensued and we affirm.

Defendant argues that he was denied the effective assistance of counsel due to his attorney's failure, based upon alleged violations of both his statutory and constitutional speedy trial rights, to move to dismiss the charges. Initially, defendant's ineffective claims are unpreserved given his failure to withdraw his plea or vacate the judgment of conviction (*see People v Irons*, 3 AD3d 740, 741 [2004], *lv denied* 2 NY3d 741 [2004]; *People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]). In any event, we find that defendant received "meaningful representation" (*People v Henry*, 95 NY2d 563, 565 [2000]; *see People v Turner*, 37 AD3d 874, 876 [2007], *lv denied* 8 NY3d 991 [2007]).

Examining the merits of defendant's underlying claims, pursuant to CPL 30.30 (1) (a), the People are required to be ready for trial within six months of the commencement of a criminal action accusing a defendant of a felony (*see People v Carter*, 91 NY2d 795, 798 [1998]; *People v Rouse*, 4 AD3d 553, 556 [2004], *lv denied* 2 NY3d 805 [2004]). The People commenced this action against defendant on August 1, 2005 by filing an indictment, and announced their readiness for trial in open court at defendant's arraignment on August 4, 2005, satisfying the dictates of the statute. Any postreadiness delay leading up to defendant's plea on February 6, 2006, as far as can be determined from the record, is excusable inasmuch as it stemmed from the parties' involvement in plea negotiations and an adjournment, a review of the grand jury minutes and a suppression hearing, each of which was initiated by defendant (*see People v Simpson*, 34 AD3d 934, 935 [2006], *lv denied* 8 NY3d 849 [2007]; *People v Guishard*, 15 AD3d 731, 732 [2005], *lv denied* 5 NY3d 789 [2005]).

To the extent that defendant's speedy trial argument rests on an alleged violation of the 90-day custody limit prescribed by CPL 30.30 (2), it is similarly unavailing, inasmuch as following his arrest on the instant charges, defendant was immediately released on his own recognizance. His subsequent detention was on an unrelated parole matter, rendering CPL 30.30 (2) inapplicable to the charges at issue here. Furthermore, even were there a violation of the statute, a motion by trial counsel would have merely entitled defendant to release pending trial, and would not have served as grounds to dismiss the indictment against him (*see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is.*, 63 NY2d 120, 125 [1984]; *People ex rel. La Joy v Bezrutczyk*, 12 AD3d 796, 797 [2004]).

Nor do we find any violation of defendant's constitutional

speedy trial rights. The foregoing facts, when examined in light of the factors enunciated in *People v Taranovich* (37 NY2d 442, 445 [1975]), and absent any showing of impairment to the defense, demonstrate that defendant's rights were not violated (*see People v Simpson, supra* at 934; *People v Guishard, supra* at 731). In light of defendant's failure to demonstrate that he was prejudiced by any error of counsel, his expression of satisfaction with his representation and the fact that counsel secured an advantageous plea, we find that defendant was afforded meaningful representation (*see People v Washington*, 3 AD3d 741, 742-743 [2004], *lv denied* 2 NY3d 747 [2004]).

Finally, the proper vehicle for defendant's claim that his jail time credit was incorrectly calculated is a CPLR article 78 proceeding, not a direct appeal (*see People v Nieves*, 2 NY3d 310, 313 n 2 [2004]; *Matter of Bottom v Goord*, 96 NY2d 870, 872 [2001]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.