■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GRAY, Appellant. [879 NYS2d 265]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 10, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the motion is granted, the plea is vacated, and the matter is remitted to Supreme Court, Erie County, for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). Defendant moved to withdraw his plea on the ground that it was not knowingly, voluntarily, and intelligently entered. According to defendant, he pleaded guilty based on a mutual mistake. Indeed, the record establishes that Supreme Court erroneously assured defendant that he would retain the right to appeal with respect to the propriety of the court's refusal to dismiss the indictment based on the denial of defendant's right to testify before the grand jury pursuant to CPL 190.50 (5), and defendant relied on that erroneous assertion. We thus agree with defendant that the court abused its discretion in denying his motion because, in fact, the contention of defendant that he was denied his right to testify before the grand jury was forfeited by the plea (*see People v Winchester*, 38 AD3d 1336, 1337 [2007], *lv denied* 9 NY3d 853 [2007]; *see generally People v Kyser*, 56 AD3d 1216 [2008], *lv denied* 11 NY3d 926 [2009]; *People v Robertson*, 255 AD2d 968 [1998], *lv denied* 92 NY2d 1053 [1999]). We therefore reverse the judgment, grant defendant's motion, vacate the plea, and remit the matter to Supreme Court for further proceedings on the indictment (*see generally People v Di Raffaele*, 55 NY2d 234, 241 [1982]). In

light of our determination, we do not reach the remaining contentions of defendant in his main and pro se supplemental briefs. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.