■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB M. KING, Appellant. [881 NYS2d 187]—

Lahtinen, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered January 10, 2008, convicting defendant upon his plea of guilty of two counts of the crime of rape in the third degree.

Defendant, who was then 27 years old, had sexual relations with a 16-year-old victim in February 2006 and a 15-year-old victim in August 2006. Both victims were employed at a store where defendant was an assistant manager. The victim from the August 2006 incident contacted authorities first, resulting in defendant being arraigned on various charges in October 2006, and indicted for several crimes in April 2007. Subsequently, the other victim came forward, leading to another multicount indictment in June 2007. Defendant eventually pleaded guilty in September 2007 to one count of rape in the third degree from each indictment and was sentenced to two concurrent prison terms of 1⅓ to 4 years. Defendant's sole argument on appeal pertains to the April 2007 indictment and his contention that his constitutional right to a speedy trial was violated as to the crimes charged therein. We are unpersuaded and, thus, affirm.

Initially, we note that defendant's constitutional speedy trial argument survives his guilty plea and waiver of the right to appeal (*see People v Simpson*, 34 AD3d 934, 935 [2006], *lv denied* 8 NY3d 849 [2007]). Factors in the constitutional speedy trial analysis include the length of delay, reason for the delay, nature of the charges, extent of pretrial incarceration and any impairment to the defense caused by the delay (*see People v Taranovich*, 37 NY2d 442, 445 [1975]; *People v Garcia*, 46 AD3d 1120, 1120-1121 [2007], *lv denied* 10 NY3d 863 [2008]). Defendant was first charged in October 2006, he was indicted in April 2007, and the People filed statements of readiness shortly after his indictment and again immediately after his arraignment in May 2007. The total delay from the first charges to indictment and readiness was about seven months, and the time elapsed since commission of the crime was well under one year. Defendant remained free during this time. Plea negotiations were ongoing and defendant executed a written waiver of speedy trial in December 2006, which was not thereafter retracted. Defendant's contention that the delay prejudiced his defense regarding the charges in the April 2007 indictment is wholly speculative and unsupported by the record. Under the circumstances, defendant's constitutional right to a speedy trial was not violated (*see People v Pitt*, 43 AD3d 1248, 1249 [2007], *lv denied* 9 NY3d 1008 [2007]; *People v Arrington*, 31 AD3d 801, 802 [2006], *lv denied* 7 NY3d 865 [2006]; *People v Cintron*, 7 AD3d 827, 828 [2004]).

Peters, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is affirmed.