(November 25, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL MCCORKLE, Appellant. [890 NYS2d 665]—

Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Lamont, J.), rendered May 15, 2007 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered July 8, 2008 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In September 2005, defendant was arrested and accused of having committed the crime of criminal sale of a controlled substance in the third degree. He was then charged in an indictment with one count of the same crime in July 2006. Defendant ultimately pleaded guilty to one count of attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. Supreme Court sentenced defendant, as agreed, to a prison term of $3^{1}/_{2}$ years, followed by $1^{1}/_{2}$ years of post-release supervision. Defendant now appeals.*

Defendant's sole argument on appeal, that he was denied his constitutional right to a speedy trial, survives both his guilty plea and appeal waiver (*see People v King*, 62 AD3d 1162, 1163 [2009]; *People v Simpson*, 34 AD3d 934, 935 [2006], *lv denied* 8 NY3d 849 [2007]). In reviewing whether that right has been violated, the relevant factors "include the length of delay, reason for the delay, nature of the charges, extent of pretrial incarceration and any impairment to the defense caused by the delay" (*People v King*, 62 AD3d at 1163; *see People v Romeo*, 12 NY3d 51, 55 [2009], *cert denied* 558 US —, 130 S Ct 63 [2009]). Here, there was a 10-month delay between the initial charge and the indictment and readiness for trial. The available transcripts show that, at a minimum, over four months of that delay resulted from adjournments requested or consented to by defense counsel. To the extent that defendant now suggests that he did not personally consent to these adjournments, his acquiescence may be inferred from his counsel's actions, and "[t]he People are entitled to rely on counsel's apparent authority to act on defendant's behalf" (*People v Garcia*, 33 AD3d 1050, 1052 [2006], *lv denied* 9 NY3d 844 [2007]; *see People v Crogan*,

---

* Defendant also appeals, by permission, from Supreme Court's denial of his motion to vacate the judgment of conviction pursuant to CPL 440.10. As he raises no arguments regarding that appeal in his brief, it is deemed abandoned (*see People v Gibson*, 2 AD3d 969, 970 n 1 [2003], *lv denied* 1 NY3d 627 [2004]; *People v Ciborowski*, 302 AD2d 620, 623 [2003], *lv denied* 100 NY2d 579 [2003]).

237 AD2d 745, 745 [1997], *lv denied* 90 NY2d 857 [1997]). Moreover, defendant was not jailed from October 2005 to the date of his arraignment so that he could cooperate with law enforcement as part of ongoing plea negotiations. Nor is there any indication that his defense was hampered by the delay. After due consideration of the relevant factors, we cannot say that defendant's constitutional right to a speedy trial was violated (*see People v Arrington*, 31 AD3d 801, 802 [2006], *lv denied* 7 NY3d 865 [2006]).

Mercure, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment and order are affirmed.