■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. DALTON, Appellant. [893 NYS2d 692]—

Lahtinen, J.

Defendant was charged in a two-count indictment with criminal sale of a controlled substance in the third degree and criminal impersonation in the second degree. Pursuant to a negotiated plea agreement, which was conditioned upon defendant's right to pursue appellate review of his statutory speedy trial claim, defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree, was sentenced as a second felony offender to a prison term of two years followed by 1½ years of postrelease supervision and executed a written waiver of appeal.

By pleading guilty, defendant forfeited his right to appellate review of his claim that his statutory right to a speedy trial (*see* CPL 30.30) was violated (*see People v Di Donato*, 87 NY2d 992, 993 [1996]; *People v O'Brien*, 56 NY2d 1009, 1010 [1982]). However, at the time of the plea allocution, County Court not only failed to advise defendant of this direct consequence of his plea, it specifically advised defendant that "you still retain your right to appeal the 30.30 decision." Consequently, we agree with

defendant that his plea of guilty was not knowing, intelligent and voluntary. To the extent that defendant failed to properly preserve this issue, we exercise our interest of justice jurisdiction to reverse and vacate the plea (*see People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US —, 128 S Ct 2430 [2008]; *People v Morbillo*, 56 AD3d 694, 694-695 [2008], *lv denied* 12 NY3d 786 [2009]; *cf. People v Jackson*, 64 AD3d 1248, 1249-1250 [2009], *lv denied* 13 NY3d 745 [2009]).

In light of the above, defendant's remaining contention is academic.

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, plea vacated and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.