■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. CLARK JR., Appellant. [909 NYS2d 573]—

Malone Jr., J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered December 11, 2008, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

In January 2007, defendant was charged in a felony complaint with criminal contempt in the first degree and burglary in the second degree for violating an order of protection that had been entered against him as a result of previous criminal convictions (*see People v Clark*, 52 AD3d 860 [2008], *lv denied* 11 NY3d 831 [2008]). The charges were subsequently presented to a grand jury, at which defendant waived immunity and opted to testify. After he refused to answer a question during his testimony, he was charged with criminal contempt in the first degree and perjury. Thereafter, as part of a negotiated plea agreement, which was conditioned on defendant's right to pursue appellate review of the issue of whether the question he refused to answer was a "legal and proper interrogatory" (Penal Law § 215.51 [a]), defendant pleaded guilty to criminal contempt in the first degree. He was then sentenced as a second felony offender to 1½ to 3 years in prison, and he now appeals.

Defendant forfeited his challenge to the propriety of the question presented to him at the grand jury by entering a guilty plea (*see generally People v Hansen*, 95 NY2d 227 [2000]). At the plea proceeding, however, County Court did not advise defendant of this direct consequence of pleading guilty and, in fact, specifically informed defendant to the contrary—that by not waiving his right to appeal, he retained the right to seek appellate review of that issue. As a result, we agree with defendant that his guilty plea was not intelligently, knowingly or voluntarily entered, and we therefore reverse the judgment of conviction and vacate the plea, notwithstanding his failure to properly preserve this issue (*see People v Hill*, 9 NY3d 189, 191 [2007], *cert denied* 553 US 1048 [2008]; *People v Dalton*, 69 AD3d 1235, 1236 [2010]).

In light of the foregoing, defendant's remaining contentions are academic.

Peters, J.P., Rose and Stein, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of

justice, plea vacated and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.