■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON N. MERCHANT, Appellant. [913 NYS2d 421]—

Spain, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered September 30, 2009, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and grand larceny in the second degree.

Upon his plea of guilty, defendant was convicted of burglary in the second degree and grand larceny in the second degree for breaking into a residence and taking a safe containing a substantial amount of cash and other items. Defendant further executed an appeal waiver, but reserved his right to appeal the sentence if County Court imposed a sentence greater than the jointly recommended one of 3¹/₂ years in prison, 2¹/₂ years of postrelease supervision, and restitution and a surcharge totaling $105,000. County Court thereafter sentenced defendant to an aggregate prison term of 7¹/₂ to 15 years to be followed by five years of postrelease supervision, and imposed the recommended restitution and surcharge amount. Upon defendant's appeal, we affirm.

Initially, County Court did not abuse its discretion in denying defendant's application to pay the restitution component of his sentence at a later date (*see* CPL 420.10 [1] [a]; Penal Law § 60.27 [3]). Defendant requested that he not be required to make restitution until a couple of months after his release from prison, but provided no reasons for that request and did not assert that he was unable to make payment at the time of sentencing. Indeed, County Court was not required to assess defendant's ability to pay in ordering restitution, as his nonprobationary sentence included—as a significant component—a period of incarceration (*see People v Heier*, 73 AD3d 1392, 1393 [2010], *lv denied* 15 NY3d 805 [2010]; *People v Henry*, 64 AD3d 804, 806-807 [2009], *lv denied* 13 NY3d 860 [2009]).

We also reject defendant's claim that the sentence imposed

was harsh and excessive. Given his prior criminal history and the nature of the crimes here, we perceive neither an abuse of discretion nor extraordinary circumstances that would warrant a reduction in that sentence (*see People v Murphy*, 56 AD3d 951 [2008], *lv denied* 12 NY3d 786 [2009]).

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.