■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN YOUNG, Appellant. [916 NYS2d 279]—Spain, J. Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered September 11, 2009, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant pleaded guilty to attempted burglary in the second degree in full satisfaction of a four-count indictment and waived his right to appeal. Pursuant to the plea agreement, defendant agreed to be sentenced as a predicate felony offender to a term of five years in prison, to be followed by five years of postrelease supervision, and he agreed to pay restitution. Prior to sentenc-

ing, defendant moved to withdraw his plea on the grounds that his plea was involuntary due to County Court not properly advising him as to his status as a predicate felony offender and that the court coerced him into pleading guilty by commenting on the strength of the evidence against him. County Court denied the motion and thereafter imposed the agreed-upon sentence, including the mandatory surcharge pursuant to Penal Law § 60.35. Defendant now appeals.

Defendant's sole contention on appeal is that his plea was involuntary due to his claim that he was informed prior to entering the plea that his sentence would not include the mandatory surcharge. While challenges to the voluntariness of a plea survive a waiver of the right to appeal (*see People v Barrett*, 71 AD3d 1340, 1340-1341 [2010]), inasmuch as defendant failed to raise this issue in a motion to withdraw his plea (*see People v Escalante*, 16 AD3d 984, 984-985 [2005], *lv denied* 5 NY3d 788 [2005]; *People v Townsend*, 257 AD2d 458 [1999]) or to move to vacate his judgment of conviction, this issue is not preserved for our review (*see People v Swart*, 20 AD3d 691, 692 [2005]). In any event, our review of the record reveals no indication that defendant's plea was made in reliance on a promise that he would not have to pay the surcharge, and defendant was informed by County Court prior to his plea hearing that the surcharge was mandatory and it would not be waived.

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.