█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN BENSON, Appellant. [929 NYS2d 885]—

Lahtinen, J.

In satisfaction of an amended indictment, defendant pleaded guilty to sexual abuse in the first degree and waived his right to appeal. County Court thereafter sentenced him to the agreed-upon term of imprisonment of two years, to be followed by 10 years of postrelease supervision. Defendant now appeals.

We affirm. To the extent that defendant challenges the validity of his appeal waiver, the record demonstrates that County Court distinguished the right to appeal from the rights automatically forfeited by his guilty plea, after which defendant acknowledged his understanding of the waiver and, after being provided time to discuss the waiver with counsel, executed a written waiver in open court. Under these circumstances, we find that defendant validly waived his right to appeal (*see People v Jean-Francois*, 82 AD3d 1366, 1366 [2011], *lv denied* 17 NY3d 797 [2011]; *People v Thomas*, 71 AD3d 1231, 1231-1232 [2010], *lv denied* 14 NY3d 893 [2010]).

Defendant's challenge to the voluntariness of his guilty plea is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Hill*, 81 AD3d 1040 [2011]; *People v MacDonald*, 77 AD3d 989, 989 [2010], *lv denied* 15 NY3d 954 [2010]). Moreover, the narrow exception to the preservation rule is inapplicable here, inasmuch as defendant did not make any statements during the plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (*see People v Smith*, 81 AD3d 1034, 1035 [2011], *lv denied* 16 NY3d 899 [2011]; *People v Caldwell*, 80 AD3d 998, 998 [2011], *lv denied* 16 NY3d 857 [2011]).

Defendant's contention that he was denied the effective assistance of counsel, while not precluded by his appeal waiver to

the extent that it relates to the voluntariness of his plea, is similarly unpreserved for our review due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Pendelton*, 81 AD3d 1037, 1038 [2011], *lv denied* 16 NY3d 898 [2011]; *People v Fiske*, 68 AD3d 1149, 1150 [2009], *lv denied* 14 NY3d 800 [2010]). Finally, defendant's challenge to his sentence, including the denial of youthful offender status, is barred by his waiver of the right to appeal (*see People v Rosseter*, 62 AD3d 1093, 1095 [2009]).

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.