■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. BURKE, Appellant. [934 NYS2d 356]—

Kavanagh, J.

Defendant was charged in a 12-count indictment with burglary in the second degree (nine counts), attempted burglary in the second degree and criminal possession of stolen property in the fifth degree (two counts). He subsequently entered a plea of guilty to the entire indictment and waived his right to appeal all issues except as to the sentence to be imposed by County Court. Thereafter, defendant was sentenced to an aggregate prison sentence of 14 years, plus five years of postrelease supervision. Defendant now appeals.

Because defendant has not moved to withdraw his guilty plea or sought to vacate the judgment of conviction, he has not preserved for our review his claim that his plea was not volun-

tarily entered (*see People v Robinson*, 86 AD3d 719, 720 [2011]; *People v Young*, 81 AD3d 995, 996 [2011], *lv denied* 16 NY3d 901 [2011]). Moreover, the narrow exception to the preservation requirement is not implicated here, as he made no statements during his plea that tended to cast doubt upon his guilt, or otherwise raised any question as to the voluntariness of his guilty plea or his understanding that County Court was not bound by the People's recommendation regarding sentence (*see People v Planty*, 85 AD3d 1317, 1318 [2011], *lv denied* 17 NY3d 820 [2011]; *People v Alvarez*, 73 AD3d 1229 [2010]). Defendant's claim that his counsel was ineffective is also not preserved for our review (*see People v Benson*, 87 AD3d 1228, 1228 [2011]; *People v Glynn*, 73 AD3d 1290, 1291 [2010]) and, in any event, is not supported by the record.

Defendant also claims that he has been denied both his statutory and constitutional rights to a speedy trial. Defendant forfeited his CPL 30.30 statutory claim by pleading guilty (*see People v Dalton*, 69 AD3d 1235, 1235 [2010]; *People v Zakrzewski*, 69 AD3d 1055 [2010], *lv denied* 15 NY3d 758 [2010]). As for his constitutional claim, while it survives his guilty plea and appeal waiver (*see People v McCorkle*, 67 AD3d 1249, 1250 [2009]; *People v King*, 62 AD3d 1162, 1163 [2009]), no such argument was raised before County Court and, therefore, the issue is unpreserved for our review (*see People v Smith*, 66 AD3d 1223, 1225 [2009], *lv denied* 14 NY3d 773 [2010]; *People v Salaam*, 36 AD3d 969, 970 [2007]). We also note that when defendant entered his guilty plea, he signed a written statement acknowledging that he had waived his right to a speedy trial, and his counsel stated that no claim would be made that defendant was prejudiced by the length of time it took to complete this prosecution.

Finally, defendant's sentence, in our view, was not harsh or excessive. By pleading guilty to these charges, defendant admitted to burglarizing at least nine separate residences over a four-month period of time, and attempting to break into another. The sentence imposed by County Court, an aggregate of 14 years, falls far short of the maximum, and the record reveals no abuse of discretion or any extraordinary circumstances that would warrant its modification (*see People v Merchant*, 79 AD3d 1526, 1527 [2010]).

Mercure, A.P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.