■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY IRVIS, Appellant. [935 NYS2d 371]—

Defendant pleaded guilty to rape in the second degree and attempted rape in the second degree in satisfaction of a five-count indictment charging him with having engaged in sexual acts with an underage victim. In accordance with the plea agreement, defendant waived his right to appeal and was sentenced to consecutive prison sentences of $3^{1}/2$ to 7 years and $1^{1}/2$ to 3 years, respectively. Defendant now appeals.

By pleading guilty, defendant is precluded from raising his claims that he was denied his CPL 30.30 statutory right to a speedy trial (*see People v Dalton*, 69 AD3d 1235, 1235 [2010]; *People v Zakrzewski*, 69 AD3d 1055, 1055 [2010], *lv denied* 15 NY3d 758 [2010]) and that County Court committed reversible error by ruling that evidence that the victim misrepresented her age to him at the time of their encounter was irrelevant and would not be admitted at trial (*see People v Campbell*, 73 NY2d 481, 485 [1989]; *People v Mercer*, 81 AD3d 1159, 1160 [2011]; *People v Mead*, 198 AD2d 612, 613 [1993], *lv denied* 82 NY2d 899 [1993]). Further, by waiving his right to appeal, defendant is also precluded from challenging his sentence as being harsh and excessive (*see People v Jones*, 88 AD3d 1029 [2011]; *People v Benson*, 87 AD3d 1228, 1229 [2011]). His claim that County Court was biased is both foreclosed by his appeal waiver and unpreserved (*see People v White*, 81 AD3d 1039, 1039 [2011]).

However, his contention that he was denied his constitutional right to a speedy trial survives his guilty plea and his waiver of appeal (*see People v McCorkle*, 67 AD3d 1249, 1250 [2009]; *People v King*, 62 AD3d 1162, 1163 [2009]). The factors to be considered in evaluating such a claim are the " 'length of delay, reason for the delay, nature of the charges, extent of pretrial incarceration and any impairment to the defense caused by the delay' " (*People v McCorkle*, 67 AD3d at 1250, quoting *People v King*, 62 AD3d at 1163; *see People v Taranovich*, 37 NY2d 442, 445 [1975]). Here, defendant was in custody for approximately 18 months prior to entering his plea. However, throughout that time period, he was charged with these crimes, and other charges were also filed alleging that he had sexually assaulted another underage victim. Also, some of the delay encountered in this prosecution was precipitated by defendant's request—which was ultimately granted—seeking the appointment of a special prosecutor. As for defendant's claim that the delay deprived him

of the testimony of a potential alibi witness, we note that he never filed a statement notifying County Court or the District Attorney of his alibi defense (*see* CPL 250.20) and, as a result, may well not have been allowed to assert that defense at trial. Therefore, while an extended delay was undoubtedly encountered in this prosecution—one that should, if possible, be avoided—it did not, on these facts, serve to deprive defendant of his constitutional right to speedy trial.

Defendant also claims that his guilty plea was not voluntarily entered. This claim has not been preserved for our review because defendant did not move to withdraw his guilty plea or make an application to vacate the judgment of conviction (*see People v Robinson*, 86 AD3d 719, 720 [2011]; *People v Young*, 81 AD3d 995, 995 [2011], *lv denied* 16 NY3d 901 [2011]). Moreover, defendant made no statement during his plea allocution that cast doubt on his guilt or otherwise raised any question as to the voluntariness of his guilty plea so as to give rise to the exception to this rule regarding preservation (*see People v Planty*, 85 AD3d 1317, 1318 [2011], *lv denied* 17 NY3d 820 [2011]; *People v Alvarez*, 73 AD3d 1229 [2010]). Defendant's claim that his counsel was ineffective and it impacted the voluntariness of his plea is also unpreserved for our review (*see People v Benson*, 87 AD3d at 1228; *People v Glynn*, 73 AD3d 1290, 1291 [2010]). In any event, we note that as a result of counsel's efforts, he was permitted to plead guilty to two charges in satisfaction of the entire indictment and did not receive the maximum prison sentence that could otherwise have been imposed. In addition, defendant's plea allocution demonstrates that he fully understood the consequences of entering a guilty plea and was satisfied with the services rendered by counsel. Defendant's remaining contentions have been reviewed and found to be without merit.

Mercure,. A.P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.