## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:   July 17, 2014                    105221
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

HAROLD C. STEVENSON,
                        Appellant.
_____


Calendar Date:   May 27, 2014

Before:   Lahtinen, J.P., McCarthy, Garry, Lynch and Clark, JJ.

_____


        Elena Jaffe Tastensen, Saratoga Springs, for appellant.

        J. Anthony Jordan, District Attorney, Fort Edward (Sara E.
Fischer of counsel), for respondent.

_____


McCarthy, J.

        Appeal from a judgment of the County Court of Washington
County (McKeighan, J.), rendered June 8, 2012, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the third degree.

        Defendant pleaded guilty to criminal possession of a
controlled substance in the third degree in satisfaction of a
five-count indictment, pursuant to a plea agreement that included
an appeal waiver.  After denying defendant's motion to withdraw
his plea, County Court imposed the agreed-upon term of two years
in prison with two years of postrelease supervision.  Defendant
appeals.

        Initially, defendant did not effectively waive his right to

appeal because neither the oral colloquy nor the written appeal waiver advised defendant that the appeal waiver "is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Bressard, 112 AD3d 988, 988 [2013], lv denied 22 NY3d 1137 [2014]; People v Ladieu, 105 AD3d 1265, 1265 [2013], lv denied 21 NY3d 1017 [2013]). While defendant's claim that his guilty plea was not knowing, voluntary and intelligent was preserved for appellate review by his motion to vacate the plea, this claim lacks merit (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). County Court advised him of the terms of the plea agreement, the trial-related rights that he was forgoing and the consequences of his plea, and he was afforded an opportunity to consult with counsel and indicated that he understood the plea terms and agreed to them. Defendant then admitted to each of the allegations in count 1 of the indictment. He was not required to recite the elements of the crime or the underlying facts, as his unequivocal affirmative responses to the court's questions were adequate to establish his guilt (see People v Smith, 112 AD3d 1232, 1233 [2013], lv denied 22 NY3d 1203 [2014]).

We reject defendant's contention that he was deprived of the effective assistance of counsel because counsel "allowed" him to plead guilty while his statutory speedy trial motion was pending (see People v Caban, 5 NY3d 143, 152 [2005]). Counsel made and pursued a motion to dismiss on statutory speedy trial grounds (compare People v Garcia, 33 AD3d 1050, 1051-1052 [2006], lv denied 9 NY3d 844 [2007]), and presumably weighed the likelihood of success on that motion when advising defendant to accept a plea to only one of five counts, with a promise of the minimum sentence on that count. It was ultimately defendant's decision whether to accept the plea agreement while that motion remained undecided. To the extent that defendant raises arguments concerning what counsel advised him with regard to whether to enter a guilty plea and what documents defendant may or may not have had when he entered his plea, those arguments address matters outside the record on appeal, which are more properly raised in a motion to vacate the judgment pursuant to CPL article 440 (see People v Haffiz, 19 NY3d 883, 885 [2012]; People v Morey, 110 AD3d 1378, 1379-1380 [2013], lv denied 23

NY3d 965 [2014]). By pleading guilty, aware of the fact that his CPL 30.30 motion was pending, defendant forfeited that defense (see People v O'Brien, 56 NY2d 1009, 1010 [1982]; People v Friscia, 51 NY2d 845, 847 [1980]; People v Irvis, 90 AD3d 1302, 1303 [2011], lv denied 19 NY3d 962 [2012]; People v Burke, 90 AD3d 1246, 1247 [2011], lv denied 18 NY3d 956 [2012]). Defendant's remaining contentions are similarly unpersuasive.

Lahtinen, J.P., Garry, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court