Devine, J.
Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered October 24, 2012, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree.
*1377 In February 2012, defendant was charged in an indictment with two counts each of burglary in the third degree and grand larceny in the fourth degree after he broke into two buildings and stole approximately $6,000 worth of cigarettes. County Court denied his motion to dismiss the indictment on statutory speedy trial grounds, concluding that exceptional circumstances — namely, conditions in local public buildings caused by flooding due to a hurricane — prevented convening a grand jury in a timely manner despite diligent efforts (see CPL 30.30 [1] [a]; [4] [g]). Defendant then pleaded guilty to burglary in the third degree. The People concede that an essential term of the plea bargain was the parties’ understanding that defendant would retain the right to appeal the denial of his motion to dismiss on speedy trial grounds. Defendant was thereafter sentenced, in accordance with the plea agreement and as a second felony offender, to a prison term of 2 to 4 years, and restitution in the amount of approximately $8,500 was imposed. Defendant now appeals, arguing that his plea was involuntarily entered because his counsel and County Court erroneously informed him that a statutory CPL 30.30 claim would survive a plea of guilty.
Initially, we consider whether defendant was required to preserve this claim by appropriate postallocution motion (see CPL 220.60 [3]; 440.10). While a challenge to the validity of a guilty plea is generally not preserved for appellate review unless it was first raised in the trial court (see People v Lopez, 71 NY2d 662, 665 [1988]), the Court of Appeals has recognized that “where a defendant has no practical ability to object to an error in a plea allocution which is clear from the face of the record, preservation is not required” (People v Peque, 22 NY3d 168, 182 [2013], cert denied sub nom. Thomas v New York, 574 US —, 135 S Ct 90 [2014]; accord People v Tyrell, 22 NY3d 359, 364 [2013]). Here a CPL 440.10 motion was unavailable because the error is clear from the face of the record; similarly a CPL 220.60 (3) motion was practically unavailable because “ ‘defendant [could] hardly be expected to move to withdraw his plea on a ground of which he ha[d] no knowledge’ ” (People v Peque, 22 NY3d at 182, quoting People v Louree, 8 NY3d 541, 546 [2007]). Inasmuch as defendant — due to the inaccurate advice of his counsel and the trial court — did not know during the plea and sentencing proceedings that his statutory speedy trial claim would be forfeited as a direct consequence of his plea (see e.g. People v Lydecker, 116 AD3d 1160, 1161 [2014], lv denied 24 NY3d 962 [2014]; People v Devino, 110 AD3d 1146, 1147 [2013]; People v Benjamin, 296 AD2d 666, 667 [2002]), preservation was not required (see People v Peque, 22 NY3d at 183). More *1378 over, under these circumstances, we agree with defendant that his guilty plea was not knowing, intelligent and voluntary and, accordingly, we reverse and vacate the plea (see People v Dalton, 69 AD3d 1235, 1235-1236 [2010]).
Peters, P.J., Stein, Garry and Egan Jr., JJ, concur.
Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Schoharie County for further proceedings not inconsistent with this Court’s decision.