■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO SANCHEZ, Appellant. [65 NYS3d 38]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered November 24, 2015, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.

A defendant forfeits his right to appellate review of a CPL 30.30 motion upon a guilty plea (see People v O'Brien, 56 NY2d 1009 [1982], citing People v Suarez, 55 NY2d 940 [1982]). However, here, the record is clear that the court misadvised defendant that he could pursue his 30.30 claim on appeal of a guilty plea (see People v Williams, 123 AD3d 1376, 1377 [3d Dept 2014]; People v Dalton, 69 AD3d 1235, 1235-1236 [3d Dept 2010]). Neither the defense counsel nor the prosecutor corrected the court's misadvice. Moreover, defendant accepted a lengthier sentence, and declined to replead to a different offense with a shorter prison sentence, based on this misstatement that his 30.30 claim could be raised on appeal. Under the totality of these circumstances, defendant's plea is vacated and the matter remanded (see Williams at 1377-1378; see generally People v Gray, 62 AD3d 1256 [4th Dept 2009]). As defendant had no practical ability to object to the error because he was sentenced on the date the misstatement occurred (see Williams at 1377, quoting People v Peque, 22 NY3d 168, 182 [2013], cert denied sub nom. Thomas v New York, 574 US —, 135 S Ct 90 [2014]), he was not required to preserve his argument.

In light of the foregoing, we need not reach defendant's remaining arguments. Concur—Richter, J.P., Mazzarelli, Kahn and Moulton, JJ.