People v Williams (2018 NY Slip Op 05373)





People v Williams


2018 NY Slip Op 05373


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

108489

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JEFFREY G. WILLIAMS, Appellant.

Calendar Date: June 1, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Thomas F. Garner, Middleburgh, for appellant.
Susan J. Mallery, District Attorney, Schoharie (Michael L. Breen of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered March 31, 2016, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.
In mid-July 2011, defendant was arraigned on felony complaints charging him with two counts of burglary in the third degree based upon allegations that he broke into certain convenience stores and stole several thousand dollars worth of cigarettes. Following a preliminary hearing, the matters were held over for grand jury action. On August 28, 2011, Hurricane Irene, followed by Tropical Storm Lee nine days later, caused extensive flooding damage to the Schoharie County Courthouse and the Schoharie County District Attorney's
office. On September 7, 2011, as a result of "the devastation in the courts and the surrounding communities of Schoharie County," County Court issued an order extending the grand jury term by 60 days. The Chief Administrative Judge also issued an administrative order directing that, due to the flooding damage to the Schoharie County Courthouse, all grand jury proceedings were to be held in the Town of Cobleskill, Schoharie County. In October 2011, noting that the Schoharie County Courthouse had remained closed since August 28, 2011 and that the "weather and emergency flooding conditions continue[d] to prevent potential grand jurors from being summoned," County Court further extended the grand jury term to January 18, 2012. Meanwhile, defendant filed a pro se motion for his release based upon the alleged failure of timely grand jury action (see CPL 190.80). On September 28, 2011, County Court granted the motion and defendant was released from custody.
In the months that followed, the People sent defendant several notices of prospective grand jury proceedings (see CPL 190.50 [5] [a]). However, because of alleged difficulties in securing a quorum of grand jurors and defense counsel's scheduling conflicts, a grand jury was not convened until early February 2012. On February 15, 2012, the grand jury handed up an indictment charging defendant with two counts of burglary in the third degree and two counts of grand larceny in the fourth degree. The People declared their readiness for trial on February 29, 2012, and defendant was thereafter arraigned on the indictment.
Following his indictment, defendant filed an omnibus motion seeking, among other things, dismissal of the indictment on statutory and constitutional speedy trial grounds (see CPL 30.20 [1]; 30.30 [1] [a]). County Court found that an issue of fact existed with respect to a portion of the alleged preindictment delay and directed that a hearing be held on defendant's statutory speedy trial claim. Following that hearing, which was held in August 2012, County Court issued a bench decision denying defendant's motion [FN1]. Immediately thereafter, defendant pleaded guilty to burglary in the third degree, with the understanding that he would retain the right to appeal the denial of his motion to dismiss the indictment on speedy trial grounds. In accordance with the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 2 to 4 years and ordered restitution in the amount of $8,500. Upon defendant's appeal, this Court found that defendant had been incorrectly informed that he retained the right to appeal from the denial of his statutory speedy trial motion and, thus, that his plea was not knowing, intelligent and voluntary (123 AD3d 1376, 1377-1378 [2014]). Accordingly, this Court reversed the judgment of conviction, vacated defendant's guilty plea and remitted the matter for further proceedings (123 AD3d at 1378).
Upon remittal, defendant — represented by new counsel — filed another omnibus motion seeking dismissal of the indictment on speedy trial grounds. Finding that the motion "mirror[ed]" defendant's 2012 omnibus motion and that its denial of the motion had not been disturbed on appeal, County Court treated the motion as one to reargue and, upon reargument, adhered to its original decision. At a subsequent pretrial conference, County Court granted defendant's request to submit an application seeking dismissal of the indictment on the basis that his constitutional right to a speedy trial had been violated. County Court ultimately denied that motion without a hearing. Thereafter, pursuant to a plea agreement, defendant entered an Alford plea of guilty to attempted burglary in the third degree. As contemplated by the plea agreement, County Court sentenced defendant, as a second felony offender, to 1½ to 3 years in prison and ordered him to pay restitution, as well as fees and surcharges. Defendant now appeals.
Defendant challenges County Court's denial of his motion to dismiss the indictment on constitutional speedy trial grounds, a contention that survives his guilty plea (see People v Guerrero, 28 NY3d 110, 117-118 [2016]; People McCorkle, 67 AD3d 1249, 1250 [2009]). In assessing whether a defendant's constitutional right to a speedy trial has been violated by alleged preindictment delay, courts must consider the extent of the delay, the reason for the delay, the nature of the charges against the defendant, whether there has been an extended period of pretrial incarceration and whether the defense has been impaired by reason of the delay (see People v Taranovich, 37 NY2d 442, 445 [1975]; People v Chaplin, 134 AD3d 1148, 1149 [2015], lv denied 27 NY3d 1067 [2016]; People v Lanfranco, 124 AD3d 1144, 1145 [2015], lv denied 25 NY3d 1203 [2015]). "[N]o one factor or combination of the factors . . . is necessarily decisive or determinative of the speedy trial claim, but rather the particular case must be considered in light [*2]of all the factors as they apply to it" (People v Taranovich, 37 NY2d at 445; accord People v Wiggins, 31 NY3d 1, 10 [2018]).
Upon consideration of the factors, we find that the approximately nine months between the filing of the felony complaints and the People's declaration of readiness did not violate defendant's constitutional right to a speedy trial. It was established at the August 2012 hearing that, as a result of the devastating effects of Hurricane Irene and Tropical Storm Lee, a majority of the alleged delay was attributable to an inability, over a period of several months, to secure enough grand jurors to constitute a quorum, despite diligent efforts on the part of the Schoharie County District Attorney's office. The evidence additionally demonstrated that some of the delay was caused by defense counsel's requests to reschedule certain prospective grand jury dates. In our view, this evidence established a good faith basis for the delay (see e.g. People v Chaplin, 134 AD3d at 1149; People v Gaston, 104 AD3d 1206, 1206 [2014], lv denied 22 NY3d 1156 [2014]). Further, the charges — two class D and two class E felonies — were serious, and it was undisputed that, prior to his release in September 2011, defendant had been incarcerated on the underlying charges for only a portion of the total preindictment period — 88 days. Moreover, there was absolutely no indication that the defense had suffered as a result of the delay (see People v Decker, 13 NY3d 12, 15 [2009]). Under these circumstances, we agree with County Court that there was no constitutional speedy trial violation (see People McCorkle, 67 AD3d at 1250-1251; People v Pratt, 303 AD2d 843, 843-844 [2003], lv denied 99 NY2d 657 [2003]). While defendant asserts that the evidence presented at the August 2012 hearing was insufficient to decide his constitutional speedy trial claim, the affidavit he submitted in support of his motion failed to allege "any impairment of his defense as a result of the delay" or any other factual dispute regarding the delay that would warrant a further hearing (People v Coffaro, 52 NY2d 932, 934 [1981]; see People v Ruise, 86 AD3d 722, 723 [2011], lv denied 17 NY3d 861 [2011]; People v Rodriguez, 210 AD2d 104, 104 [1994], lv denied 84 NY2d 1037 [1995]). Accordingly, we find no error in County Court's resolution of the motion without a hearing.
Defendant's remaining contentions, to the extent not specifically addressed herein, have been examined and found to be unpersuasive.
McCarthy, J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: County Court did not expressly address defendant's constitutional speedy trial claim.