People v Heverly (2018 NY Slip Op 06594)





People v Heverly


2018 NY Slip Op 06594


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018

108635

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSEPH P. HEVERLY, Appellant.

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Salvatore Adamo, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Jordan Yorke of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 23, 2016, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
Defendant pleaded guilty to an indictment charging him with grand larceny in the fourth degree and was sentenced as a second felony offender, in accordance with the terms of the plea agreement, to a prison term of 1½ to 3 years. Defendant appeals.
We affirm. Defendant contends that the plea was not knowing, voluntary and intelligent and that he did not receive the effective assistance of counsel because the indictment should have been dismissed on statutory speedy trial grounds. These claims are unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Lamb, 162 AD3d 1395, 1396 [2018]). Were we to consider defendant's contentions, we would find them to be without merit. The record reflects that counsel submitted a motion to dismiss on statutory speedy trial grounds, but defendant ultimately made the decision to withdraw the motion and accept the plea agreement prior to the motion being decided. "When defendant entered a plea of guilty he forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30" (People v O'Brien, 56 NY2d 1009, 1010 [1982]; see People v Ellison, 160 AD3d 1113, 1113 [2018]; People v Brandon, 133 AD3d 901, 902 [2015], lvs denied 27 NY3d 992, 1000 [2016]; People v Stevenson, 119 AD3d 1156, 1157 [2014]). To the extent that defendant challenges the severity of the sentence imposed, we note that the agreed-upon sentence was the statutory minimum for a second felony offender (see Penal Law § 70.06 [3] [e]; [4] [b]) and cannot be considered harsh or excessive (see People v Duggins, 161 AD3d 1445, 1447 [2018], lv denied ___ NY3d ___ [Aug. 9, 2018]).
McCarthy, Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.