■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. SHABAZZ, Also Known as ABDULA SHABAZZ, Appellant. [611 NYS2d 72] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, on his plea of guilty, of assault in the second degree, for which he was sentenced as a predicate felon to a term of two to four years' incarceration. Defendant contends that he was denied the benefit of his plea bargain by circumstances arising subsequent to his conviction. The record establishes that the plea was induced by the promise that defendant's sentence would be concurrent with any sentence to be imposed in the Commonwealth of Virginia on a pending charge of violation of probation. That sentencing promise remains unfulfilled because Virginia apparently filed a detainer warrant that will require the New York authorities to turn defendant over to Virginia upon completion of his sentence. Thus, because Virginia will not sentence him until after he completes his New York sentence, defendant almost certainly will receive consecutive sentences.

"[I]t is well settled that 'a guilty plea induced by an unfulfilled promise either must be vacated or the promise honored'. *(People v Selikoff,* 35 NY2d 227, 241, cert den 419 US 1122, citing *Santobello v New York,* 404 US 257.)" *(People v Frederick,* 45 NY2d 520, 524; *see, People v McConnell,* 49 NY2d 340, 346.) Because defendant has been deprived of the benefit of his plea bargain, we modify the judgment by vacating the sentence and we remit the matter to the sentencing court either to impose the sentence promised or to afford defendant the opportunity to withdraw his plea *(see, People v Lefler,* 193 AD2d 1143). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Assault, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.