THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANJEV RAMNARAIN, Appellant. [861 NYS2d 6]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered December 9, 2005, convicting defendant, after a jury trial, of two counts of burglary in the third degree, and sentencing him, as a second felony offender, to consecutive terms of 3 to 6 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentences run concurrently, and otherwise affirmed.

Defendant did not preserve his challenge to the legal sufficiency of the evidence and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. We further find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Although defendant refused to sign the trespass notice that clearly and unequivocally informed him that he was prohibited from entering the premises, since the notice was read to him and placed in his pocket after he had stolen items from the store, the People established that, when he entered the premises on two separate occasions weeks later, he did so knowingly and unlawfully (*see e.g. People v Polite*, 302 AD2d 227 [2003], *lv denied* 99 NY2d 657 [2003]). The actions of the store employees amply satisfied the statutory requirement that such a notice be "personally communicated" (Penal Law § 140.00 [5]), and defendant was not entitled to defeat the legal effect of the notice by refusing to pay attention to it.

The court properly exercised its discretion in admitting evidence of a similar uncharged crime, consisting of the shoplifting incident that resulted in the issuance of the notice barring defendant from the store, since it helped establish elements of the crime of burglary in the third degree, namely whether the trespass notice was lawful and whether it was personally communicated to defendant (*see People v Alvino*, 71 NY2d 233 [1987]; *People v Giles*, 47 AD3d 88 [2007]). We reject defendant's contention that the admission of a surveillance videotape and still photographs made from the videotape was excessive and unduly prejudicial. The evidence was relevant to essential elements of the crime and issues raised at trial, and the People "were not bound to stop after presenting minimum evidence but could go on and present all the admissible evidence available to them, regardless of the trial strategy defendant adopted" (*Alvino*, 71 NY2d at 245; *see also People v Matthews*, 276 AD2d 385, 386 [2000], *lv denied* 96 NY2d 736 [2001]). The court gave appropriate limiting instructions on two separate occasions, and we reject defendant's arguments concerning these instructions.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Defendant's theft-related crimes were highly relevant to his credibility, and the court only permitted the People to elicit a fraction of defendant's extensive criminal history.

Defendant failed to preserve his challenge to the court's re-

sponse to a note from the deliberating jury, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.

We find the sentences excessive to the extent indicated. Concur—Lippman, P.J., Andrias, Sweeny and Renwick, JJ.