■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. LAFFERTY, Appellant. [875 NYS2d 395]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered August 8, 2005. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class D felony, and aggravated unlicensed operation of a motor vehicle in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Cattaraugus County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (ii)]) and aggravated unlicensed operation of a motor vehicle in the second degree (§ 511 [2] [a] [ii]). As part of the plea agreement, County Court stated that it would impose an indeterminate term of imprisonment of no more than 2 to 6 years. The court, however, failed to advise defendant that the sentence on the DWI count could include a fine. In addition to imposing a term of imprisonment of 2 to 6 years on the DWI count at the time of sentencing, the court ordered defendant to pay a fine of $3,000 on that count, as well as a fine of $1,000 on the aggravated unlicensed operation count.

As the People correctly concede, the court erred in imposing a fine on the DWI count without affording defendant an op-

portunity to withdraw his plea inasmuch as the fine was not mentioned at the time of the plea (*see People v Barber*, 31 AD3d 1145, 1146 [2006]; *People v Fulton*, 238 AD2d 439 [1997]). Although the issue is not preserved for our review (*see* CPL 470.05 [2]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Because defendant was denied the benefit of his plea bargain, we modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the sentence promised on the DWI count or to afford defendant the opportunity to withdraw his plea (*see People v Shabazz*, 203 AD2d 947 [1994]; *see also Santobello v New York*, 404 US 257, 262-263 [1971]). In the event that defendant does not withdraw his plea and the court imposes the sentence promised on the DWI count, we note that defendant must be resentenced on the aggravated unlicensed operation count in accordance with Vehicle and Traffic Law § 511 (2) (b). Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.