■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH THOMAS, Appellant. [891 NYS2d 507]—

Spain, J.

---

After shooting another individual during an altercation outside of a bar in the City of Cohoes, Albany County, defendant was charged with attempted murder in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. During the trial, defendant pleaded guilty to attempted murder in the second degree with no promised sentence other than that County Court would not impose the maximum sentence (see Penal Law §§ 110.00, 125.25 [1]). Defendant was thereafter sentenced to a prison sentence of 22 years, plus five years of postrelease supervision. Defendant now appeals, contending that because he was never advised that his sentence—which is less than the maximum period of incarceration—would include a postrelease supervision component, his plea must be vacated (see People v Catu, 4 NY3d 242, 244 [2005]).*

Upon a defendant's decision to plead guilty, " '[a] trial court has the constitutional duty to ensure that a defendant . . . has a full understanding of what the plea connotes and its consequences,' " including any postrelease supervision component of the sentence (People v Catu, 4 NY3d at 244-245, quoting People v Ford, 86 NY2d 397, 402-403 [1995]). Here, upon defendant's decision to plead guilty, County Court stated that "there would be no promise with regard to sentence, except I would not impose the maximum." At no time during the plea allocution did the court reference what the statutory maximum sentence was or that a period of postrelease supervision would be included as part of defendant's sentence (cf. People v Cullen, 62 AD3d 1155, 1157 [2009], lv denied 13 NY3d 795 [2009]). As the Court of Appeals has made clear, Catu errors are violations of "the defendant's due process right—not the defendant's sentencing expectations" (People v Hill, 9 NY3d 189, 193 [2007], cert denied 553 US —, 128 S Ct 2430 [2008]; see People v Van Deusen, 7 NY3d 744, 746 [2006]). Thus, as the question is not "whether the defendant got the full benefit of [his or] her plea bargain" (People v Hill, 9 NY3d at 193 [internal quotation marks omitted]), it matters not that no specific sentence was promised here (but cf. People v Calkins, 6 AD3d 744, 745 [2004], lv denied 3 NY3d 671 [2004]).

Further, although postrelease supervision was discussed during earlier plea offerings, there is no indication that defendant

---

* Defendant's challenge to his plea under these circumstances is not precluded by his failure to preserve the issue by raising it in a postallocution motion (see People v Louree, 8 NY3d 541, 545-546 [2007]; People v Rucker, 67 AD3d 1126, 1127 n [3d Dept 2009]).

was aware that it would be a mandatory component of the sentence he would receive upon his plea, as opposed to an element specific to those earlier offers. Under these circumstances, "[s]ince County Court, at the time defendant entered his plea, did not advise him that the sentence would include a period of postrelease supervision" (*People v Tausinger*, 55 AD3d 956, 957 [2008]; *see People v Catu*, 4 NY3d at 245; *People v Rivera*, 51 AD3d 1267, 1269 [2008]), and because the record does not reveal "that defendant was aware of the . . . particular period to which he would be subjected until the time of sentencing" (*People v Rivera*, 51 AD3d at 1270), defendant did not possess the " 'full understanding necessary to [make] an informed plea' " (*id.*, quoting *People v Boyd*, 51 AD3d 325, 329 [2008], *affd* 12 NY3d 390 [2009]). As a result, defendant's judgment must be reversed and his plea vacated (*see People v Catu*, 4 NY3d at 245).

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.