■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA STOFF, Appellant. [904 NYS2d 794]—Stein, J. Appeal from a

judgment of the County Court of Washington County (Mc-Keighan, J.), rendered October 17, 2008, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the third degree in full satisfaction of a four-count indictment. Pursuant to the plea agreement, defendant waived her right to appeal and was sentenced as a second felony offender to a prison term of four years, to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Contrary to defendant's contention, we find that she knowingly, voluntarily and intelligently waived her right to appeal. Before defendant executed a written waiver of the right to appeal, County Court explained the waiver to her during the plea colloquy and ensured that she understood the waiver and had discussed it with counsel. Thereafter, defendant, assisted by counsel, executed a written waiver in open court that also reflected that counsel had advised her of her right to appeal, and that she had discussed the waiver with counsel and was freely waiving such right. Under these circumstances, defendant's appeal waiver is valid (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Vaughns*, 70 AD3d 1123, 1124 [2010]; *People v Mosher*, 45 AD3d 970, 970 [2007], *lv denied* 10 NY3d 814 [2008]). Consequently, defendant is precluded from arguing that her sentence is harsh and excessive (*see People v Walley*, 63 AD3d 1284, 1286 [2009]; *People v Dixon*, 62 AD3d 1214, 1215 [2009], *lv denied* 13 NY3d 743 [2009]).

Cardona, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.