■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER M. WILLI, Appellant. [914 NYS2d 758]—

Spain, J.P. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered March 2, 2009, convicting defendant upon his plea of guilty of the crime of rape in the third degree.

Pursuant to a negotiated plea, defendant waived indictment and pleaded guilty to rape in the third degree based upon allegations that he had sexual intercourse with a female who was under the age of 17 and a biological relative. As part of the plea, which satisfied numerous other related and unrelated potential charges, defendant also waived his right to appeal, and executed a written appeal waiver. County Court thereafter sentenced defendant to a term of four years in prison, as agreed, followed by 10 years of postrelease supervision.

Most of defendant's appellate claims are precluded by his valid and enforceable waiver of the right to appeal. During the plea colloquy, after explaining defendant's trial related rights and the consequences of a guilty plea, County Court separately advised defendant that, as part of the plea agreement, he would be "giving up [his] right to appeal either the plea or the sentence to a higher court." Defendant then acknowledged his signature on the written appeal waiver, which delineated its meaning, and defendant affirmed to the court that his attorney had explained it to him and that he understood it. Given the foregoing, we find that defendant effected a knowing, voluntary and intelligent waiver of his right to appeal the judgment of conviction, including any claim that his sentence is harsh and excessive (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Stoff*, 74 AD3d 1640, 1641 [2010], *lv denied* 15 NY3d 810 [2010]).

While defendant's challenge to the voluntariness of his plea is not precluded by his appeal waiver, it is not preserved for appeal as defendant never moved to withdraw his plea or to vacate the judgment of conviction (*see People v Davis*, 74 AD3d 1490, 1490 [2010], *lv denied* 15 NY3d 850 [2010]). Further, nothing in the plea colloquy or record casts doubt on defendant's guilt or on the voluntariness of this very advantageous plea so as to trigger a duty of further inquiry into the voluntariness of the plea despite the lack of preservation (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]; *People v Houck*, 74 AD3d 1476, 1477 [2010]).

Defendant's contention that his counsel's representation was ineffective is also unpreserved and precluded by the appeal waiver, except to the extent that it implicates the voluntariness of his plea (*see People v Belle*, 74 AD3d 1477, 1480 [2010]; *People v Chaney*, 70 AD3d 1251, 1252 [2010], *lv denied* 15 NY3d 748 [2010]). Defendant's claims regarding what counsel advised him are entirely outside the record on appeal, and are more properly raised in a CPL 440.10 motion to vacate the judgment (*see People v Moyer*, 75 AD3d 1004, 1006 [2010]; *People v Echavarria*, 53 AD3d 859, 863-864 [2008], *lv denied* 11 NY3d 832 [2008]). It is not clear that defendant's remaining complaints regarding counsel's performance, such as the decision to forego an omnibus motion, impacted the voluntariness of his choice to accept the plea agreement. In any event, defendant has not demonstrated the absence of legitimate, strategic reasons for counsel's course of representation (*see People v Baker*, 14 NY3d 266, 270-271 [2010]). Rather, the record reflects that counsel negotiated a favorable plea that disposed of many potential charges, and nothing in the record raises any question as to counsel's provision of meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Chaney*, 72 AD3d 1194, 1195 [2010]).

Defendant's remaining arguments lack merit.

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.