# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

596
KA 07-00531
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                     MEMORANDUM AND ORDER

ORLANDO HERNANDEZ, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered December 11, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]). Although County Court was required to sentence defendant to a five-year period of postrelease supervision based upon his status as a second felony offender (*see* § 70.45 [former (2)]; *People v Motley* [appeal No. 3], 56 AD3d 1158, 1159), at the plea the court informed defendant only that he would be sentenced to the "minimum" period of postrelease supervision. Because the court failed to specify the period of postrelease supervision or the permissible range of postrelease supervision prior to imposing sentence, reversal is required (*see People v Thomas*, 68 AD3d 1445, 1446-1447). We reject the People's contention that defendant was required to preserve his challenge to the voluntariness of the plea based on the court's failure, prior to sentencing, to advise him of the period of postrelease supervision to be imposed or the parameters thereof (*see People v Boyd*, 12 NY3d 390, 393; *People v Louree*, 8 NY3d 541, 545-546). "When a defendant is not made aware of mandatory postrelease supervision—or the specific duration or range of that component of postrelease supervision—prior to the imposition of sentence, the voluntariness of the plea may be challenged on appeal even absent preservation of the issue by postallocution motion" (*People v Lee*, 80

AD3d 1072, 1073; *see People v Murray*, 15 NY3d 725).