■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEAVIN ROBINSON, Appellant. [926 NYS2d 751]—

Egan Jr., J.

In satisfaction of a multicount indictment, defendant waived his right to appeal, pleaded guilty to one count of robbery in the first degree and was sentenced as a second violent felony offender to the agreed-upon prison term of 18 years followed by five years of postrelease supervision. Defendant now appeals and we affirm.

Initially, we reject defendant's assertion that his waiver of the right to appeal was invalid. County Court informed defendant that his plea bargain would include a waiver of the right to appeal and adequately explained the nature of the right being waived. In addition to voicing his understanding thereof, defendant, following consultation with counsel, executed a detailed written waiver in open court, which delineated the rights he was forfeiting and acknowledged that he was doing so of his own volition (*see People v Jean-Francois*, 82 AD3d 1366, 1366 [2011]; *People v Pendelton*, 81 AD3d 1037, 1037-1038 [2011]; *People v Thomas*, 81 AD3d 997, 998 [2011]). We therefore find that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see People v Phelan*, 77 AD3d 987, 987 [2010], *lv denied* 16 NY3d 830 [2011]; *People v Empey*, 73 AD3d 1387, 1388 [2010], *lv denied* 15 NY3d 804 [2010]). In light of defendant's valid appeal waiver, he is now precluded from challenging County Court's denial of his suppression motion (*see People v White*, 75 AD3d 837, 838 [2010], *lv denied* 15 NY3d 925 [2010]; *People v Cruz*, 74 AD3d 1496, 1497 [2010], *lv denied* 15 NY3d 803 [2010]; *People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 963 [2008]).

Finally, although defendant's challenge to the voluntariness of his plea survives his valid appeal waiver, this issue nevertheless is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Richardson*, 83 AD3d 1290, 1291 [2011]; *People v Wicks*, 83 AD3d 1223, 1224 [2011]; *People v Willi*, 80 AD3d 884, 885 [2011]). Nor is the narrow exception to the preservation requirement applicable here, as defendant did not make any statements during his plea allocution that tended to negate a material element of the crime or otherwise cast doubt upon his guilt (*see People v Richardson*, 83 AD3d at 1291; *People v Dishaw*, 81 AD3d 1035, 1037 [2011], *lv denied* 16 NY3d 858 [2011]; *People v Willi*, 80 AD3d at 885).

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.