■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS H. STEWART, Appellant. [940 NYS2d 178]—

Kavanagh, J.

Initially, we note that the charges of aggravated unlicensed operation of a motor vehicle in the first degree and unlicensed operation of a motor vehicle, as set forth in the SCI, simply alleged that defendant, at the time he committed these crimes, was operating a motor vehicle in a parking lot, and not on a public highway (*see People v Hurell-Harring*, 66 AD3d 1126, 1127 [2009]; *People v Shaver*, 290 AD2d 731, 731 [2002]; *People v Hogabone*, 278 AD2d 525, 526 [2000]). The People concede that to commit these crimes, defendant had to have operated the motor vehicle on a public highway and, as a result, these convictions must be reversed and the counts dismissed (*see* Vehicle and Traffic Law § 511 [3]; § 509 [1]; *People v Hogabone*, 278 AD2d at 526).

Next, defendant contends that he did not voluntarily plead guilty to resisting arrest and his conviction of that crime should be vacated. However, defendant never moved to withdraw this plea or vacate the judgment of conviction and, as a result, any claim that the plea was not voluntary has not been preserved for our review (*see People v Burke*, 90 AD3d 1246, 1246 [2011]). Moreover, defendant did not make any statements during the plea allocution that would warrant making an exception to the requirement that an issue must be properly preserved for it to be the subject of appellate review (*see People v Robinson*, 86 AD3d 719, 720 [2011]).

As for the remaining charges, County Court never advised defendant prior to entering his plea that a fine could be imposed as part of his sentence (*see People v Lafferty*, 60 AD3d 1318, 1318 [2009]; *People v McCarthy*, 56 AD3d 904, 905 [2008]; *see generally People v Harnett*, 16 NY3d 200, 295 [2011]; *People v Hill*, 9 NY3d 189 [2007]).[1] While County Court made no commitment as to sentence, defendant was entitled to know before pleading guilty that a fine could be imposed as part of his sentence (*see People v Thomas*, 68 AD3d 1445, 1446 [2009]; *People v Lafferty*, 60 AD3d at 1318; *People v Calkins*, 6 AD3d 744, 745 [2004], *lv denied* 3 NY3d 671 [2004]). Accordingly, we

1. Such a challenge—the failure to advise a defendant of a direct consequence of entering a guilty plea—is not precluded where a motion has not been made to withdraw the plea or vacate the judgment of conviction (*see People v Thomas*, 68 AD3d 1445, 1446 n [2009]; *see generally People v Louree*, 8 NY3d 541 [2007]).

remit the matter to County Court to impose a sentence that does not include a fine on the remaining charges for which defendant presently stands convicted or, in the alternative, afford him an opportunity to withdraw his guilty plea.[2]

Finally, any remaining arguments made by defendant not specifically addressed have been examined and found to be unpersuasive.

Mercure, A.P.J., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's convictions of aggravated unlicensed operation of a motor vehicle in the first degree and unlicensed operation of a motor vehicle under counts 3 and 6 of the superior court information; said counts dismissed, the sentences imposed on counts 1, 2, 3, 5, 6, 7 and 8 vacated and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.