McCarthy, J.
Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered March 4, 2011, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with criminal contempt in the first degree for violating an order of protection. County Court sentenced him to nine months in jail. Defendant now appeals.
We affirm. Inasmuch as the record before us does not indicate that defendant moved to withdraw his plea or vacate the judgment of conviction, his challenge to the voluntariness of his plea has not been preserved for our review and defendant made no statements that would implicate the narrow exception to the preservation requirement (see People v Stewart, 92 AD3d 1146, 1147 [2012]; People v Teele, 92 AD3d 972, 972 [2012]). In any event, County Court engaged in a lengthy, detailed colloquy with defendant regarding the rights he was relinquishing and the possible consequences of his plea, including deportation. Likewise, defendant’s claim of ineffective assistance of counsel, to the extent that it impacted the voluntariness of his plea, is unpreserved by the lack of evidence in the record that he has moved to withdraw the plea or vacate the judgment of conviction (see People v Carpenter, 93 AD3d 950, 952 [2012], lv denied 19 NY3d 863 [2012]; People v Benson, 87 AD3d 1228, 1228-1229 [2011]). Notwithstanding, his claim that counsel pressured him into pleading guilty without adequately exploring potential de *1296 fenses involves matters outside the record and is, therefore, more appropriately the subject of a CPL article 440 motion (see People v Davis, 84 AD3d 1645, 1646 n [2011], lv denied 17 NY3d 815 [2011]; People v Pendelton, 81 AD3d 1037, 1038-1039 [2011], lv denied 16 NY3d 898 [2011]). Defendant’s remaining contention, that his sentence was harsh and excessive, has been examined and found to be without merit.
Mercure, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.