■ The People of the State of New York, Respondent, v Norbert Grigger, Appellant. [974 NYS2d 299]—

Garry, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered July 6, 2011, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the fourth degree.

Defendant waived indictment and pleaded guilty to attempted criminal possession of a weapon in the fourth degree in satisfaction of a superior court information as well as another pending indictment. In connection with the plea agreement, defendant waived his right to appeal. Defendant was thereafter sentenced, as a second felony offender, to 1½ to 3 years in prison. Defendant now appeals.

To the extent that defendant's arguments regarding the validity of his plea and the adequacy of his representation implicate the voluntariness of his plea, these arguments survive his waiver of the right to appeal (*see People v Estrada*, 102 AD3d

1064, 1065 [2013]; *People v Benson,* 100 AD3d 1108, 1108-1109 [2012]). However, the record does not reflect that either of these arguments was preserved for review by an appropriate motion to withdraw the plea or vacate the judgment of conviction (*see id.*). In any event, these arguments are not supported by the record, which reflects that counsel negotiated a favorable plea agreement on defendant's behalf and defendant entered a knowing and voluntary guilty plea after being fully advised of the rights he was giving up by doing so (*see People v White,* 104 AD3d 1056, 1056-1057 [2013], *lv denied* 21 NY3d 1021 [2013]; *People v Willi,* 80 AD3d 884, 885 [2011], *lv denied* 16 NY3d 900 [2011]). Defendant's remaining argument that the sentence is harsh and excessive is foreclosed by his valid waiver of the right to appeal (*see People v Revette,* 102 AD3d 1065, 1066 [2013]; *People v Stoff,* 74 AD3d 1640, 1641 [2010], *lv denied* 15 NY3d 810 [2010]).

Rose, J.P., Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.