Garry, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered February 4, 2010, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree, criminal mischief in the second degree, aggravated cruelty to animals and overdriving, torturing and injuring animals.
Defendant broke into a barn in the Town of Hoosick, Rensselaer County and killed a horse by stabbing and slashing it multiple times. He was indicted upon charges of aggravated cruelty to animals, burglary in the third degree, criminal mischief in the second degree and overdriving, torturing and injuring animals, and thereafter pleaded guilty to all of the charges. County Court sentenced defendant as a second felony offender to the maximum statutory term of imprisonment for each crime, imposed a fine and ordered payment of restitution. Defendant appeals.
Initially, defendant claims that the charge of aggravated cruelty to animals was jurisdictionally defective for failure to allege a material element of the crime, arguing that the horse was not a “companion animal” (Agriculture and Markets Law § 353-a [1]; see generally People v Hansen, 95 NY2d 227, 231 [2000]; People v Slingerland, 101 AD3d 1265, 1266 [2012], lv denied 20 NY3d 1104 [2013]). However, horses are excluded from the statutory definition of companion animals only when they are “ ‘[flarm animal[s]’ . . . raised for commercial or subsistence purposes” (Agricultural and Markets Law § 350 [4]). Any domesticated animal, including a horse, may be a companion animal where, as here, it is not kept for such purposes and is “normally maintained in or near the household of the owner or person who cares for [it]” (Agriculture and Markets Law § 350 [5]; see People v Garcia, 29 AD3d 255, 261 [2006], lv denied 7 NY3d 789 [2006]). Likewise, there was no jurisdictional defect in the charge of criminal mischief in the second degree by intentionally damaging the property of another, as a companion animal is property (see Penal Law § 145.10; Mullaly v People, 86 NY 365, 368 [1881]; Lewis v DiDonna, 294 AD2d 799, 801 [2002]).
*1149 Defendant next contends that County Court improperly imposed a fine and restitution as part of his sentence without warning him that it could do so before he pleaded guilty.[1] During the plea hearing, County Court advised defendant that it made no representation as to how he would be sentenced, that the sentence would be “anything allowable under the law,” and that the maximum prison term on the top two counts was 3x/2 to 7 years. At sentencing, the court imposed a fine of $5,000 as part of the sentence for the aggravated cruelty conviction (see Agriculture and Markets Law § 353-a [1], [3]; Penal Law § 80 [1] [a]). Although there was no sentencing promise, defendant was entitled to know before entering his plea that the prison term mentioned by the court was not the only consequence that could result, and that a fine might be imposed (see People v Stewart, 92 AD3d 1146, 1147 [2012]).[2] Accordingly, the sentence on the aggravated cruelty charge must be vacated and the matter remitted to County Court to impose a sentence that does not include the fine or to grant defendant an opportunity to withdraw his guilty plea as to that charge (see People v Stewart, 92 AD3d at 1148; see also People v Lafferty, 60 AD3d 1318, 1318-1319 [2009]; People v McCarthy, 56 AD3d 904, 905 [2008]).
We reach a different conclusion as to restitution. At sentencing, County Court ordered defendant to pay restitution, indicated the amount requested by the People, and stated that it was the court’s understanding that defendant contested this amount. Defense counsel confirmed that this was the case— without indicating that defendant had any objection to the underlying restitution obligation — and requested a hearing. When this hearing commenced, however, defense counsel advised the court that defendant wished to waive the hearing and pay the amount requested by the People. In response to the court’s questions, defendant then confirmed that he wished to waive the hearing, that he had sufficient time to discuss the issue with his attorney, and that he agreed to pay the requested amount. As the record thus reveals that defendant made an informed, willing choice to accept the restitution obligation, he cannot now object on this basis (see People v Doris, 64 AD3d 813, 814 [2009], lv denied 13 NY3d 796 [2009]; People v Watson, 287 AD2d 889, 890 [2001], lv denied 97 NY2d 689 [2001]).
*1150 Defendant next asserts that he received ineffective assistance of counsel. However, to the extent that his claims relate to the voluntariness of his plea, they are unpreserved as he did not move to withdraw the plea or vacate the conviction (see People v Olmstead, 77 AD3d 1179, 1181 [2010], lv denied 16 NY3d 834 [2011]; People v Allen, 15 AD3d 689, 690 [2005]), and to the extent that they are unrelated to the plea bargaining process, they are forfeited by his guilty plea (see People v Mercer, 81 AD3d 1159, 1160 [2011], lv denied 19 NY3d 999 [2012]; People v Heier, 73 AD 3d 1392, 1393 [2010], lv denied 15 NY3d 805 [2010]). Even if we were to address these claims, we would have found that some of defendant’s assertions address matters outside the record and are therefore more appropriately addressed in a CPL article 440 motion (see People v Willi, 80 AD3d 884, 885 [2011], lv denied 16 NY3d 900 [2011]), and that strategic reasons existed for the remainder of counsel’s allegedly deficient conduct (see People v Hammond, 107 AD3d 1156, 1156 [2013]).
Finally, in view of defendant’s substantial criminal history and the abhorrent nature of his conduct, we perceive no abuse of discretion or extraordinary circumstances warranting any reduction in his sentence (see People v Degiorgio, 36 AD3d 1007, 1009 [2007], lv denied 8 NY3d 921 [2007], cert denied 552 US 999 [2007]; compare People v Garcia, 29 AD3d at 264; People v Gigliuto, 22 AD3d 890, 892 [2005], lv denied 7 NY3d 789 [2006]).
Rose, J.P, Spain and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed for aggravated cruelty to animals; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

. Defendant’s failure to move to withdraw his plea or to vacate the judgment of conviction does not preclude him from raising this issue on appeal (see People v Stewart, 92 AD3d 1146, 1147 n 1 [2012]; People v Thomas, 68 AD3d 1445, 1446 n [2009], lv denied 21 NY3d 1010 [2013]).

. We note that this fine was not a mandatory part of defendant’s sentence (compare People v Jenkins, 94 AD3d 1474, 1474-1475 [2012]; see generally People v Harnett, 16 NY3d 200, 205-206 [2011]).