People v Pearson (2018 NY Slip Op 05123)





People v Pearson


2018 NY Slip Op 05123


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Gische, Kahn, Singh, Moulton, JJ.


7092 2465/15

[*1]The People of the State of New York, Respondent,
v
Dwayne Pearson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Grace Vee of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J. at counsel application; Ruth Pickholz, J. at jury trial and sentencing), rendered March 25, 2016, as amended July 11, 2016, convicting defendant of burglary in the third degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously affirmed.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). In this burglary of a store, the evidence amply supported the jury's conclusion that defendant knowingly entered the premises unlawfully. A trespass notice, signed by defendant, clearly and unequivocally informed him that he was prohibited from entering the store again (see People v Ramnarain, 52 AD3d 348, 349 [1st Dept 2008], lv denied 11 NY3d 793 [2008]; People v Polite, 302 AD2d 227 [1st Dept 2003], lv denied 99 NY2d 657 [2003]). The evidence also showed that defendant intended to commit a crime in the store, because his conduct clearly evinced an attempt to steal merchandise (see e.g. People v Brunson, 294 AD2d 104 [1st Dept 2001], lv denied 98 NY2d 695 [2002]).
When viewed in context, an isolated remark during the prosecutor's summation, to which defendant objected on the ground that the prosecutor was "testifying," constituted permissible comment on the evidence. Defendant did not preserve any other challenges to the summation, and we decline to review them in the interest of justice. As an alternative holding, we conclude that the challenged remarks generally constituted fair comment on the evidence, including the drawing of reasonable inferences, and were responsive to defendant's summation. To the extent that some of the comments were better left unsaid, they were not so pervasive or egregious as to deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D' Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they principally involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffective assistance claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or had a reasonable probability of affecting the outcome of the case, including the length of the sentence.
Under the totality of circumstances, defendant's unelaborated, eve-of-trial request for yet [*2]another attorney, made a few months after a prior request had been granted, did not require the court to make a minimal inquiry (see People v Porto, 16 NY3d 93, 100-101 [2010]; People v Sides, 75 NY2d 822, 824-825 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK