People v Martin (2023 NY Slip Op 06658)

People v Martin

2023 NY Slip Op 06658

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

936 KA 17-00398

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY M. MARTIN, DEFENDANT-APPELLANT. 

ANNE LABARBERA, PC, NEW YORK CITY (ANNE LABARBERA OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Stephen T. Miller, A.J.), rendered January 3, 2017. The judgment convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree and driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on the count of aggravated unlicensed operation of a motor vehicle in the second degree and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a plea of guilty, of misdemeanor driving while intoxicated (DWI) (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [b] [i]) and aggravated unlicensed operation of a motor vehicle in the second degree (AUO) (§ 511 [2] [a] [ii]). As a preliminary matter, we note that it is unnecessary to review defendant's challenge to his waiver of the right to appeal inasmuch as "none of the issues he raised would be foreclosed from review by a valid waiver of the right to appeal" (People v Irby, 158 AD3d 1050, 1051 [4th Dept 2018], lv denied 31 NY3d 1014 [2018]; see People v Perkins, 162 AD3d 1641, 1642-1643 [4th Dept 2018]; People v Green, 122 AD3d 1342, 1343 [4th Dept 2014]).
Defendant contends that the plea was not knowing, voluntary, and intelligent because County Court failed to advise him that the sentence on the DWI conviction would include use of an ignition interlock device for all three years of probation and not merely the two years that, according to defendant, was offered prior to entry of the plea. However, defendant was required, and failed, to preserve for our review that contention. The record demonstrates "that, prior to the imposition of [the] sentence, defendant had the actual and practical ability to object and preserve the claim he now makes—[i.e.,] that his guilty plea was involuntary because of a deficient plea allocution as to the sentence promise, a direct consequence of the plea" (People v Bush, 38 NY3d 66, 71 [2022]; see People v Williams, 27 NY3d 212, 219-223 [2016]; cf. People v Tung Nguyen, 191 AD3d 1329, 1330-1331 [4th Dept 2021]). Specifically, despite being informed at the outset of the sentencing proceeding that the sentence on the DWI conviction would include use of an ignition interlock device for all three years of probation, and then being given an opportunity to address the court prior to imposition of the sentence, defendant did not move to withdraw the plea or otherwise object to the court's purported failure to apprise him of the direct consequences of his guilty plea. Defendant thus failed to preserve a challenge to the voluntariness of his plea (see Williams, 27 NY3d at 223; People v Murray, 15 NY3d 725, 726-727 [2010]; People v Sealey, 207 AD3d 1088, 1088-1089 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
As defendant further contends and the People correctly concede, the court erred by imposing the sentence on the AUO count when defendant was not present in violation of CPL 380.40 (1). We therefore modify the judgment by vacating the conditional discharge imposed on [*2]the AUO count and direct that defendant, upon remittal, be resentenced on that count (see Perkins, 162 AD3d at 1643).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court