People v Padilla-Zuniga (2025 NY Slip Op 01563)

People v Padilla-Zuniga

2025 NY Slip Op 01563

Decided on March 18, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2025

No. 19 

[*1]The People & c., Respondent,
v
Juan Padilla-Zuniga, Appellant.

Argun Ulgen, for appellant. 
Kevin C. King, for respondent. 

MEMORANDUM:
The Appellate Division order should be reversed, and the case remitted to Supreme Court for further proceedings in accordance with this memorandum.
Defendant was charged by indictment with multiple offenses stemming from his operation of a motor vehicle without a valid driver's license and under the influence of alcohol. Defendant agreed to plead guilty to aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]), aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]) and leaving the scene of an accident without reporting (Vehicle and Traffic Law § 600.1) in exchange for a sentence of five years' probation. The court did not mention, until imposing defendant's sentence, that the sentence for the Vehicle and Traffic Law § 511 (3) (a) (i) and Vehicle and Traffic Law § 1192 (2-a) (a) offenses each included a mandatory fine. Defendant did not raise any objection to the mandatory fines.
The Appellate Division affirmed, holding that defendant's challenges to his guilty plea were unpreserved or precluded by the valid waiver of his right to appeal (209 AD3d 770 [2d Dept 2022]).
An exception to the preservation requirement exists where, as here, a defendant had "no actual or practical ability to object" prior to the imposition of the fines by the sentencing court (People v Bush, 38 NY3d 66, 71 [2022] [internal quotation marks and citation omitted]). Further, a valid appeal waiver does not preclude a defendant from [*2]challenging a plea as involuntary, where the court fails to advise a defendant of a component of their sentence before it is imposed (see People v Louree, 8 NY3d 541, 545-546 [2007]).
Supreme Court erred in failing to inform defendant at the time of his plea that the sentences for two of the offenses to which he was pleading guilty included mandatory fines (see Vehicle and Traffic Law § 511 [3] [b]; Vehicle and Traffic Law § 1193 [1] [a]) The failure to "ensure that . . . defendant, before pleading guilty, ha[d] a full understanding of what the plea connotes and its consequences" (People v Turner, 24 NY3d 254, 258 [2014] [quotation marks and citation omitted]), requires vacatur of the plea.
In light of our decision, it is not necessary to address defendant's other arguments for reversal.
Order reversed and case remitted to Supreme Court, Nassau County, for further proceedings in accordance with the memorandum herein. Chief Judge Wilson and Judges Rivera, Garcia, Cannataro, Troutman, Halligan and Webber concur. Judge Singas took no part.
Decided March 18, 2025