People v Padilla-Zuniga (2025 NY Slip Op 01563)

People v Padilla-Zuniga

2025 NY Slip Op 01563 [43 NY3d 1049]

March 18, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, September 17, 2025

[*1]

The People of the State of New York, Respondent,
v
Juan Padilla-Zuniga, Appellant.

Argued February 11, 2025; decided March 18, 2025

PROCEDURAL SUMMARY

Appeal, by permission of the Acting Chief Judge of the Court of Appeals, from an order of the Appellate Division of the Supreme Court in the Second Judicial Department, entered October 12, 2022. The Appellate Division affirmed a judgment of Supreme Court, Nassau County (Robert G. Bogle, J.), which had convicted defendant, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the first degree, aggravated driving while intoxicated, and leaving the scene of an accident without reporting.

People v Padilla-Zuniga, 209 AD3d 770, reversed.

HEADNOTES

Crimes
 - Appeal
 - Preservation of Issue for Review
 - Validity of Guilty Plea
1. Defendant's claim that his guilty plea was involuntary because the court did not mention, until imposing defendant's sentence, that the sentences for two of the offenses to which he was pleading guilty included mandatory fines did not have to be preserved for appellate review. An exception to the preservation requirement exists where, as here, a defendant had no actual or practical ability to object prior to the imposition of the fine. Further, a valid appeal waiver does not preclude a defendant from challenging a plea as involuntary, where the court fails to advise a defendant of a component of their sentence before it is imposed.

Crimes
 - Plea of Guilty
 - Failure to Advise Defendant of Mandatory Fines

2. Supreme Court erred in failing to inform defendant at the time of his plea that the sentences for two of the offenses to which he was pleading guilty included mandatory fines. The failure to ensure that defendant, before pleading guilty, had a full understanding of what the plea connoted and its consequences required vacatur of the plea.
APPEARANCES OF COUNSEL

N. Scott Banks, Legal Aid Society of Nassau County, Hempstead (Argun M. Ulgen and Tammy Feman of counsel), for appellant. 
Anne T. Donnelly, District Attorney, Mineola (Kevin C. King, Tammy J. Smiley and Daniel Bresnahan of counsel), for respondent.

{**43 NY3d at 1050} OPINION OF THE COURT

Memorandum.
The Appellate Division order should be reversed, and the case remitted to Supreme Court for further proceedings in accordance with this memorandum.
Defendant was charged by indictment with multiple offenses stemming from his operation of a motor vehicle without a valid driver's license and under the influence of alcohol. Defendant agreed to plead guilty to aggravated unlicensed operation of a{**43 NY3d at 1051} motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [i]), aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]) and leaving the scene of an accident without reporting (Vehicle and Traffic Law § 600 [1]) in exchange for a sentence of five years' probation. The court did not mention, until imposing defendant's sentence, that the sentence for the Vehicle and Traffic Law §§ 511 (3) (a) (i) and 1192 (2-a) (a) offenses each included a mandatory fine. Defendant did not raise any objection to the mandatory fines.
The Appellate Division affirmed, holding that defendant's challenges to his guilty plea were unpreserved or precluded by the valid waiver of his right to appeal (209 AD3d 770 [2d Dept 2022]).
[1] An exception to the preservation requirement exists where, as here, a defendant had "no actual or practical ability to object" prior to the imposition of the fines by the sentencing court (People v Bush, 38 NY3d 66, 71 [2022] [internal quotation marks omitted]). Further, a valid appeal waiver does not preclude a defendant from [*2]challenging a plea as involuntary, where the court fails to advise a defendant of a component of their sentence before it is imposed (see People v Louree, 8 NY3d 541, 545-546 [2007]).
[2] Supreme Court erred in failing to inform defendant at the time of his plea that the sentences for two of the offenses to which he was pleading guilty included mandatory fines (see Vehicle and Traffic Law §§ 511 [3] [b]; 1193 [1] [b]) The failure to "ensure that . . . defendant, before pleading guilty, ha[d] a full understanding of what the plea connotes and its consequences" (People v Turner, 24 NY3d 254, 258 [2014] [internal quotation marks and citation omitted]) requires vacatur of the plea.
In light of our decision, it is not necessary to address defendant's other arguments for reversal.
Chief Judge Wilson and Judges Rivera, Garcia, Cannataro, Troutman, Halligan and Webber[FN*] concur. Judge Singas took no part.
Order reversed and case remitted to Supreme Court, Nassau County, for further proceedings in accordance with the memorandum herein.

Footnotes

Footnote *:Designated pursuant to NY Constitution, article VI, § 2.