People v Rodriguez (2025 NY Slip Op 01739)

People v Rodriguez

2025 NY Slip Op 01739

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

164 KA 23-01700

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHYHEIM RODRIGUEZ, DEFENDANT-APPELLANT. 

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Suzanne Maxwell Barnes, J.), rendered August 31, 2023. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that his plea was involuntary because County Court did not advise him during the plea colloquy that he would be forfeiting his right against self-incrimination by pleading guilty. Defendant "failed to preserve that contention for our review because . . . he failed to move to withdraw the plea or to vacate the judgment of conviction" (People v Yanga, 213 AD3d 1276, 1277 [4th Dept 2023], lv denied 40 NY3d 932 [2023] [internal quotation marks omitted]; see People v Martin, 222 AD3d 1414, 1415 [4th Dept 2023], lv denied 41 NY3d 966 [2024]; People v Ramos-Perez, 188 AD3d 1741, 1742 [4th Dept 2020], lv denied 36 NY3d 1099 [2021]). In any event, defendant's contention is without merit. After reviewing the record as a whole and the circumstances of the plea in its totality, we conclude that the plea was knowing, intelligent, and voluntary (see Yanga, 213 AD3d at 1277; People v Barnes, 206 AD3d 1713, 1714-1715 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court