People v Leigh (2026 NY Slip Op 01422)

People v Leigh

2026 NY Slip Op 01422

Decided on March 12, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 12, 2026

CR-22-2223
[*1]The People of the State of New York, Respondent,
vEric Leigh, Appellant.

Calendar Date:February 19, 2026

Before:Garry, P.J., Clark, Pritzker, McShan and Corcoran, JJ.

Terrence M. Kelly, Loudonville, for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Corcoran, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered February 8, 2022, convicting defendant upon his plea of guilty of the crimes of attempted sexual misconduct and criminal contempt in the first degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to attempted sexual misconduct and criminal contempt in the first degree upon the understanding that he would be sentenced to time served on the sexual misconduct conviction and five years of probation on the criminal contempt conviction. During the plea colloquy, defendant was apprised that he would be required to register as a sex offender and pay over $1,000 in surcharges and fees as a result of his guilty plea (see Penal Law § 60.35). Defendant was further advised of the maximum term of incarceration he could face on both convictions if he violated the terms of the plea agreement and was, moreover, required to waive his right to appeal under its terms. County Court thereafter imposed the agreed-upon sentences and directed that defendant pay the mandatory surcharges and fees. Defendant appeals.

Defendant argues that his plea was not knowingly, voluntarily and intelligently entered because he was not advised that, apart from the mandatory fees and surcharges he faced as a result of pleading guilty, additional fines could have theoretically been imposed as part of his sentence (see Penal Law §§ 60.01 [3]; 80.00 [1]; 80.05 [2]). This challenge to the knowing and voluntary nature of the guilty plea survived defendant's unchallenged appeal waiver but, as he acknowledges, would ordinarily be unpreserved for our review because he failed to raise it in an appropriate postallocution motion (see People v Robles, 243 AD3d 1017, 1018-1019 [3d Dept 2025]). Defendant correctly points out that preservation was not required in this case because he alleges that County Court failed in its obligation to advise him of a direct consequence of his plea — namely, that he could be sentenced to pay a fine — and that he therefore "had no actual or practical ability to object prior to" sentencing (People v Padilla-Zuniga, 43 NY3d 1049, 1051 [2025] [internal quotation marks and citation omitted]; see People v Louree, 8 NY3d 541, 546 [2007]; People v Lohnes, 112 AD3d 1148, 1149 n 1 [3d Dept 2013]).[FN1] That said, the argument fails on the merits. Fines were not part of the agreed-upon sentence and were not actually imposed, and County Court was therefore under no obligation to address them during the plea colloquy because they were not "[d]irect consequences" of the plea with "a definite, immediate and largely automatic effect on defendant's punishment" (People v Harnett, 16 NY3d 200, 205 [2011]; see People v Murray, 15 NY3d 725, 726-727 [2010]; compare People v Padilla-Zuniga, 43 NY3d at 1051; People v Louree, 8 NY3d at 545; People v Stewart, 92 AD3d 1146, 1147-1148 [3d Dept 2012]). Thus, as our review of the plea colloquy confirms that County Court fulfilled its duty [*2]of ensuring that defendant had "a full understanding of what the plea connote[d] and its consequences" before he pleaded guilty, we affirm (People v Ford, 86 NY2d 397, 402-403 [1995]; see People v Padilla-Zuniga, 43 NY3d at 1051).
Garry, P.J., Clark, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant separately complains that he was not advised during the plea colloquy as to the exact amount of the mandatory fees and surcharges that would be imposed as a result of his conviction, that issue is unpreserved in the absence of an appropriate postallocution motion (see People v Bush, 38 NY3d 66, 71-72 [2022]; People v Martin, 222 AD3d 1414, 1415-1416 [4th Dept 2023], lv denied 41 NY3d 966 [2024]). A lack of specificity on that point would not, in any event, render the plea involuntary because "[s]uch administrative fees are not components of a defendant's sentence" (People v Witherspoon, 210 AD3d 1145, 1148 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 39 NY3d 1076 [2023]; see People v Stewart, 92 AD3d 1146, 1148 n 2 [3d Dept 2012]).