People v White (2026 NY Slip Op 01614)

People v White

2026 NY Slip Op 01614

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Ind No. 70930/23|Appeal No. 6156|Case No. 2023-06819|

[*1]The People of the State of New York, Respondent,
vAnthony White, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), and Latham & Watkins LLP, New York (Nakita Kansra of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jamie Masten of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven Statsinger, J.), rendered November 28, 2023, convicting defendant, after a jury trial, of burglary in the third degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]; People v White, 238 AD3d 456, 456 [1st Dept 2025], lv denied 43 NY3d 1049 [2025]; see also People v Baque, 43 NY3d 26 [2024]). There is no basis to disturb the jury's credibility determinations, and the record supports the conclusion that defendant acknowledged receipt of a "Trespass Notice" that prohibited him from entering any Duane Reade store. To the extent defendant contended that he was not aware that he was prohibited from all Duane Reade stores and thought the trespass notices expired after seven years, it was within the purview of the jury to resolve any conflicting evidence against defendant, and the jury was justified in finding him guilty of burglary in the third degree (see People v Ramnarain, 52 AD3d 348, 349 [1st Dept 2008], lv denied 11 NY3d 793 [2008]).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026