People v Angus
2026 NY Slip Op 03204
May 21, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Kien Angus, Also Known as Sweet, Appellant.

Decided and Entered:May 21, 2026
CR-23-0294
Calendar Date: April 29, 2026
Before: Clark, J.P., Aarons, Pritzker, Mackey And Corcoran, JJ.

Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

[*1]
Pritzker, J.
Appeal from a judgment of the Supreme Court (Matthew Sypniewski, J.), rendered September 15, 2022 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant agreed, in satisfaction of two pending indictments charging him with offenses relating to his alleged possession and sale of cocaine on multiple occasions, to plead guilty to criminal possession of a controlled substance in the third degree and waive his right to appeal. Pursuant to the terms of the agreement, sentencing was adjourned so that defendant could participate in drug court. If he successfully completed the drug court program, defendant would be permitted to withdraw his plea, plead guilty to a misdemeanor charge and be sentenced to time served. However, if he was not successful, he would be sentenced, as a second felony offender, to no more than three years in prison, to be followed by between 1½ to 3 years of postrelease supervision. After defendant was terminated from drug court, Supreme Court sentenced him to three years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
We affirm. As the written waivers executed by defendant were "overly broad" and the plea colloquy did not "establish that defendant knowingly, voluntarily and intelligently waived his right to appellate review," we agree with defendant that his appeal waiver is invalid (People v Ubrich, 238 AD3d 1273, 1274 [3d Dept 2025]; see People v Appiah, 41 NY3d 949, 950 [2024]; People v Williams, 237 AD3d 1377, 1378 [3d Dept 2025], lv denied 43 NY3d 1049 [2025]; People v Melendez, 236 AD3d 1192, 1193 [3d Dept 2025]). That said, defendant's challenge to the voluntariness of his plea, as well as his claim of ineffective assistance of counsel insofar as such impacts the voluntariness of his plea, are "unpreserved for our review in the absence of a postallocution motion that he had ample opportunity to make" (People v Quarterman, 238 AD3d 1385, 1386 [3d Dept 2025]; see People v Clark, 246 AD3d 1150, 1151 [3d Dept 2026]; People v Clay, 245 AD3d 994, 995 [3d Dept 2026], lv denied 45 NY3d 935 [ 2026]). Defendant made no statements during the plea colloquy that were inconsistent with his guilt or that otherwise called the voluntariness of his plea into question so as to implicate the narrow exception to the preservation rule (see People v Rios, ___ NY3d ___, ___, 2026 NY Slip Op 00963, *3-4 [2026]; People v Clark, 246 AD3d at 1151). We decline defendant's further invitation to take corrective action upon either issue in the interest of justice.
Finally, although defendant reached the maximum expiration date of his prison sentence in September 2025, "he has not reached the maximum expiration date of his postrelease supervision period, and, as such, his challenge to the severity of his sentence is not moot" (People v Arthur, 228 AD3d 1133, 1134 [3d Dept 2024] [internal quotation marks and citation [*2]omitted], lv denied 42 NY3d 969 [2024]; accord People v Hughes, 241 AD3d 1622, 1623 [3d Dept 2025]). Our consideration of the relevant factors nevertheless leaves us satisfied that the sentence imposed, which was within the agreed-upon range, was not unduly harsh or severe (see CPL 470.15 [6] [b]; People v Alvarez, 238 AD3d 1266, 1270 [3d Dept 2025], lv denied 44 NY3d 981 [2025]; People v Newsome, 238 AD3d 1219, 1220 [3d Dept 2025]).
Clark, J.P., Aarons, Mackey and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.